IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY BARGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv865-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Gregory Barge's *pro se* motion for relief under 28 U.S.C. § 2255. Doc. No. 1.[1]

## I.   INTRODUCTION

On April 14, 2014, Barge pleaded guilty under a plea agreement to Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a); attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1); and use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The written plea agreement contained a provision under which Barge waived his right to appeal or collaterally attack his sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.  Following a sentencing hearing on August 5, 2014, the district

---

[1] Except where indicated, references to document numbers (Doc(s). No.) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

court sentenced Barge to a total of 94 months in prison.  The district court entered judgment on August 8, 2014.  Barge did not appeal.

On November 1, 2106, Barge filed this § 2255 motion claiming that he should receive a mitigating role reduction to his sentence based on Amendment 794 to § 3B1.2 of the United States Sentencing Guidelines.  *See* Docs. No. 1 & 2.  For the reasons that follow, the Magistrate Judge recommends that Barge's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II.   DISCUSSION

### A.   General Legal Standard

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may secure relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Barge*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the

alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.    Amendment 794 to U.S.S.G. § 3B1.2**

Barge maintains that he should receive a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2.  *See* Docs. No. 1 & 2.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

(a)    If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b)    If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction.  The listed factors introduced in Amendment 794 are:

(i)    the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant

performed and the responsibility and discretion the defendant had in performing those acts;

(v)    the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

As to the factors for consideration introduced by Amendment 794, Barge claims he is entitled to a two-level "minor role" reduction under § 3B1.2(b), because he had a limited understanding of the criminal activity he was involved in, did not participate in planning or organizing the criminal activity, had limited decision-making authority in the criminal activity, had limited participation in the criminal activity and limited responsibility and discretion in the criminal acts he performed, and reaped only modest monetary benefits from his participation in the criminal activity.  Doc. No. 2 at 5–7.

1.    **Waiver Provision in Plea Agreement**

Barge's written plea agreement contained a waiver provision with the following pertinent language:

<u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence… . Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and and waives the right to attack the sentence in any post-conviction proceeding.  This waiver does not include the right to appeal on the ground of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds.

[Criminal Case No. 2:13-cr-110-MEF, Doc. No. 62 at 7–8.]  Since Barge does not allege ineffective assistance of counsel or prosecutorial misconduct, the government argues that

his instant attack on her sentence, by seeking a minor role reduction, is barred by the waiver provision in his plea agreement.  Doc. 9 at 7–8.  This court agrees.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert,* 997 F.2d 1343, 1350–55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver.  *Bushert,* 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned Barge about the waiver provision and confirmed that he understood its terms.  Doc. 9-1 at 8.  Thus, the record reflects—and Barge does not disprove—that Barge's collateral attack waiver was knowing and voluntary.  *Bushert,* 997 F.2d at 1351.  Consequently, any claim by Barge seeking a minor role reduction based on Amendment 794 is barred from collateral review by the waiver provision in his plea agreement.

2.      **Time Bar**

A motion under 28 U.S.C. § 2255 must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Barge did not appeal his conviction, his conviction became final 14 days after the district's court's August 8, 2014 entry of judgment—that is, on August 22, 2014. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thus, under § 2255(f)(1), Barge had until August 24, 2015 (the first business day after August 22, 2015), to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). His filing of his § 2255 motion on November 1, 2106, was untimely under § 2255(f)(1).

Barge sets forth no facts or argument to establish that he is entitled to use § 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) as a triggering event for statute of limitations purposes. Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2); or that his claim is based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,[2] *see* § 2255(f)(4); or that the facts supporting his

---

[2] Barge's claim is predicated on an amendment to the Sentencing Guidelines and not on a right recognized in (and made retroactive by) a decision of the United States Supreme Court.

(continued…)

claims could not have been discovered earlier by exercising due diligence,[3] *see* § 2255(f)(4).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Barge neither demonstrates nor even asserts that he is entitled to equitable tolling of the limitation period for filing his § 2255 motion.

Consequently, Barge's § 2255 motion is time-barred.

### 3.    Claim Not Cognizable on Collateral Review

Even if Barge's claim were not barred by the waiver provision in his plea agreement and the statutory limitation period, his claim would entitle him to no relief. In *United States*

---

[3] An amendment to the Sentencing Guidelines does not constitute a "fact" that would reset the one-year statute of limitations under § 2255(f)(4). A change or clarification of controlling law is not a "fact" within the meaning of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."). Amendment 794 to the Sentencing Guidelines is not a "fact" relating to Barge's criminal history and does not otherwise allow him to invoke § 2254(f)(4). *See Bays v. United States*, 2018 WL 1449393, at *2 (M.D. Fla. 2018).

*v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning that it only clarifies the factors a court should consider for a mitigating role adjustment and did not substantively change § 3B1.2. *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice. This is so because "§ 2255 is not a substitute for direct appeal." *Id*. at 1331 (citation omitted). Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id*. (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when he establishes that he is actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Barge argues neither. Any alleged misapplication of the Sentencing Guidelines in Barge's case cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332. Barge is entitled to no relief on the claim in his § 2255 motion.

8

## III.  CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Barge be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that on or before April 16, 2019, the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge